## CROWELL ELEVATOR CO. v. ALLEN, Collector of Internal Revenue.

### No. 2414.

District Court, D. Nebraska, Omaha Division. Aug. 18, 1930.

William A. Day, of Omaha, Neb., for plaintiff.

Ambrose C. Epperson, Asst. U. S. Atty., of Omaha, Neb., for defendant.

WOODROUGH, District Judge.

The plaintiff corporation income taxpayer sues the internal revenue collector to recover payments made under protest, on the ground that, at the time of the alleged assessment of tax and collection of the plaintiff's money, the statute of limitations had run against the government, and therefore the exaction was unlawful. The government concedes that the money was collected from plaintiff and that plaintiff would be entitled to recover it back from the internal revenue collector in this action if the statute of limitations had run as claimed. It also concedes that the assessment was made beyond the period specified in the statute and would have been void by reason of the statute had it not been for the fact that the time for assessment was extended by written waivers joined in by the Commissioner of Internal Revenue and the plaintiff. The government alleges that altogether three written waivers were joined in by the Commissioner and the plaintiff, but the plaintiff denies execution of the third one, and admits only two. Notwithstanding this and other issues of fact presented by the pleadings, the government claims to be entitled to judgment of dismissal on the facts admitted by the

pleadings, and the case is submitted on its motion for such judgment; the concessions above referred to being made for the purposes of the motion.

The suit was brought before the decision of the Supreme Court in Florsheim, etc., Co. v. U. S., and White, Collector, v. Hood Rubber Co., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542, and while the legal nature and effect of a taxpayer's tentative return and also of such written waivers as here presented were open questions. By that decision it was settled that the taxpayer's so-called "tentative return," made pursuant to the plan devised by the Commissioner of Internal Revenue, was not a return that started the statute of limitations against the government, and that such a waiver as here involved was not a contract preventing Congress from extending the statutory period of limitations for collection of the tax by legislation enacted before that period as extended by the waiver has expired. The decision evidently forecloses some of the contentions plaintiff intended to make when the suit was brought.

Plaintiff presents two contentions, however, which it claims are not foreclosed:

It says that on or about the 24th day of August, 1923, the defendant and the field agents of the United States Treasury Department under the Commissioner of Internal Revenue and said collector investigated and checked the books and records of the plaintiff upon which plaintiff's income tax return was based and pretended therefrom to fix and to set up the plaintiff's federal income and excess profit tax for the calendar year of 1918 in the amount of $11,871.43 against the plaintiff. The plaintiff argues that this action by the collector, the Commissioner, and the field agents ought to be held to amount to the assessment of the tax against the plaintiff as of the date stated August 24, 1923. If it should be so considered, as the law then stood, the collection of the tax would be barred. This contention should be overruled. The action of these officers was not intended to be, and was not deemed to be, and in fact was not, a tax assessment or levy. This is confirmed by the subsequent declaration of plaintiff's petition "that the defendant on the 28th day of December, 1925, pretended to assess the plaintiff's said income and excess profit tax against the plaintiff." By the use of the words "pretended to" in this allegation the plaintiff means that the defendant did then make the assessment, but that he did so unlawfully.

The second contention is based on the form of the waiver signed by plaintiff on February 6, 1924. It thereby waived the time prescribed by law for making any assessment. At the time of this waiver, both the making of the assessment and the collection of the tax had to be done within the period of five years from the return, which was made (as I find) in May, 1919. By the Revenue Act of 1924 (section 278(d), 26 USCA § 1061 note) the time for making collection was extended six years beyond the time when lawful assessment was made. Plaintiff now argues that, not having waived the time for making collection, such collection was barred, and it claims the case differs from Florsheim, supra, because in that case there was a waiver both of assessment and collection. I overrule this contention. It appears to me that the reasoning of the Supreme Court in the Florsheim Case settles it that the right of the government to assert and enforce its claim for excess taxes against the plaintiff was kept alive by the waiver and that, while it was so kept alive, it was competent for Congress to enlarge the time, not only for making assessment, but also for getting the money. It being established by the court's decision that the waiver did not impose any contract obligation on the government not to change its statute of limitations, its power to do so was plenary.

The statute of limitations had not barred either the assessment of the tax or the collection of the plaintiff's money by the collector, and the motion of the defendant for judgment on the pleadings is sustained.

The clerk may make the entry.